STATE OF HAWAII, Plaintiff-Appellee, *v.* DICK CHING, Defendant-Appellant

NO. 7169

STATE OF HAWAII, Plaintiff-Appellee, *v.* RYU INTERNATIONAL, INC., Defendant-Appellant

NO. 7170

OCTOBER 31, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* Plaintiff-appellee, State of Hawaii (hereinafter "State"), brought an action against defendants-appellants, Dick Ching and Ryu International, Inc. (hereinafter "appellants"), in the District Court of the First Circuit, State of Hawaii, charging them with operating a prohibited use within a street yard setback in violation of Ordinance 4573 § IV(C) of the City and County of Honolulu, entitled: "A Bill For an Ordinance to Establish 'The Waikiki Special Design District' (WSDD)." At the conclusion of the trial on September 15, 1978, the District Court rendered a judgment in favor of the State and against appellants. The appellants filed this appeal from the judgment and sentence. We reverse.

Appellant Ching operated a puka shell business under contract with Ryu International, Inc., the lessee of the yard area at 2176 Kalakaua Avenue in Waikiki. During the day, Ching sold puka shells from a table approximately ten feet from the edge of the sidewalk. On June 9, 1978, the City Building inspector cited both appellants for violating Ordinance 4573 § IV(C) which prohibits any business activity within a thirty feet street yard setback. The two cases were consolidated in the district court, and both appellants were found in violation of the charge. Appellant Ching was fined twenty-five dollars and appellant Ryu International, Inc., was fined fifty dollars pursuant to the Comprehensive Zoning Code § 21-106(b) of the City and County of Honolulu.[1]

The appellants contend that the district court committed three errors. First, the court erred when it denied their motion to dismiss on the ground that no crime was committed because Ordinance 4573 does not contain a penalty provision. Second, the court erred when it denied their motion for judgment of acquittal on the ground that an administrative chart was used to define the term "non-conforming use" in Ordinance 4573. Third, the court erred when it denied their motion for judgment of acquittal on the ground that Ordinance 4573 is void for vagueness and violated the equal protection and due process clauses of the Hawaii and United States Constitutions.

We agree with appellants' first contention that Ordinance 4573 is a separate, independent zoning ordinance without any enforcement or penalty provision. Ordinance 4573 was enacted into law on April 1, 1976, pursuant to the provisions of Honolulu Charter § 3-203. It established the Waikiki Special Design District in accordance with Ordinance 4541 (1975), which amended the CZC by adding Article 15.

The appellants contend that the statement of legislative intent supports their argument that Ordinance 4573 is a zoning ordinance. Section I states that the purpose was to "pro-

---

[1] The Comprehensive Zoning Code of the City and County of Honolulu will be hereafter referred to as CZC.

vide a means to control apartment and hotel density in Waikiki . . . provide additional properly distributed open spaces and vistas.'' Moreover, Section II states:

> In accordance with Article 15 of the Comprehensive Zoning Code, Ordinance No. 4541, the Waikiki Special Design District is hereby established. *Zoning provisions for all land parcels presently zoned* H-2, *B-5* and R-6 shall be superseded by the provisions contained in this ordinance. Except as otherwise permitted in this ordinance, all land use and development applications shall, as of the effective date of this ordinance, conform to the requirements and provisions of the Waikiki Special Design District (emphasis added).

While Ordinance 4573 supersedes the zoning provisions for the B-5 Resort Commercial District where appellants' table is located, it fails to provide a penalty provision. Thus, the appellants contend that violations of Ordinance 4573 are not crimes.

In this jurisdiction, there are no common law offenses, *Territory v. Rogers*, 37 Haw. 566, 567 (1947), and the applicable statute or ordinance itself must provide a penalty. The Hawaii Penal Code provides that no behavior constitutes an offense unless it is a crime or violation under this Code or another statute of this State. HRS § 701-102(1). Also, HRS § 1-1 provides that ''no person shall be subject to criminal proceedings except as provided by the written laws of the United States or of the State.''

A penal statute or ordinance does not have any force and effect unless it contains an appropriate penalty provision. *See United States v. Eaton*, 144 U.S. 677 (1892); *State v. Hanna*, 179 N.W.2d 503 (Iowa 1970); *Redding v. State*, 165 Neb. 307, 85 N.W.2d 647 (1957); *State v. Fair Lawn Service Center*, 20 N.J. 468, 120 A.2d 233 (1956); *McNary v. State*, 128 Ohio St. 497, 191 N.E. 733 (1934); and 1 C. Torcia, *Wharton's Criminal Law* 19-20 (14th ed. 1978). Such a statute or ordinance is ''nugatory in all respects, and proof of its violation is not of itself sufficient to prove an unlawful act . . . .'' *Redding v. State*, 165 Neb. at 314, 85 N.W.2d at 653. However, the penalty provision does not have to be included in the same

section of the statute or ordinance that defines the crime. *State v. Knecht,* 21 Ohio Misc. 91, 253 N.E.2d 324 (1969); *McNary v. State, supra.*

The State contends that the City Council must have intended that violations of Ordinance 4573 be enforced by the general penalty provision of the CZC, § 21-106.[2] However, we must construe the ordinance by its terms. If a statute or ordinance does not contain a penalty provision, it is beyond our power to prescribe one. *United States v. Evans,* 333 U.S. 483 (1948); *Viereck v. United States,* 318 U.S. 236 (1943); *Mossew v. United States,* 266 F. 18 (2d Cir. 1920); *State v. Fair Lawn Service Center, supra; Commonwealth ex rel. Varrone v. Cunningham,* 365 Pa. 68, 73 A.2d 705 (1950); and *McNary v. State, supra.* The fixing of a penalty is a legislative, not judicial, function. The penalty "should be provided with that degree of clarity that characterizes all criminal law, to the end that its application must not be left to conjecture." *McNary v. State,* 128 Ohio St. at 512, 191 N.E. at 740. The Court cannot impose penal consequences upon the presumption that the absence of a penalty provision was a legislative oversight.

The district court erred in denying appellants' motion to dismiss on the ground that violations of Ordinance 4573 are not crimes. By failing to provide a penalty provision for violations, the statute does not denounce the act as criminal. The oral charges based upon the violation of this ordinance were insufficient to charge a crime. Thus, the fines paid after these convictions were also void.

We note that on February 8, 1979, Ordinance 79-4 § I(H) amended Ordinance 4573 § XV to read "Violations of any provision of this Ordinance shall be punishable in accordance with Section 21-106 of the CZC."

---

[2] Section 21-106 (b) states:

Any person violating any provision of this Chapter shall upon conviction, be punished by a fine not exceeding $1,000 or by imprisonment not exceeding thirty days, or by both such fine and imprisonment. The continuance of any such violation after conviction shall be deemed a new offense for each day of such continuance.

We do not reach the appellants' second and third allegations of error.

Reversed.

*Lloyd H. Asato (James H. Kamo* with him on the briefs) for defendants-appellants.

*Arthur E. Ross (Robert P. Goldberg* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.