**SENTENCING AND PUNISHMENT – RECONSIDERATION AND MODIFICATION OF SENTENCE – TIME FOR MOTION OR APPLICATION**

When a petitioner is granted the opportunity to file a belated Motion for Modification of Sentence following a successful post-conviction proceeding pursuant to the Uniform Postconviction Procedure Act, Md. Code, Criminal Procedure Article, Title 7, the circuit court has the power to exercise its fundamental jurisdiction beyond the five years set out in Rule 4-345. The court and moving party have an obligation to ensure that the Motion for Modification of Sentence is entertained by the court within the spirit of Rule 4-345.

Circuit Court for Baltimore City
Case No. 204299006

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1376

September Term, 2017

_____

JOHN SCHLICK

v.

STATE OF MARYLAND

_____

Wright,
Leahy,
Raker, Irma S.
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Raker, J.

_____

Filed:  September 20, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

John Schlick appeals from dismissal of his Motion for Modification of Sentence by the Circuit Court for Baltimore City. He presents the following question for our review, which we have re-phrased slightly:

> Did the trial court determine correctly that it did not have authority under Maryland Rule 4-345 to modify appellant's sentence once five years had passed from the date the original sentence was imposed?

We shall hold that the trial court erred in dismissing the motion and, hence, we shall reverse.

## I.

Because the sole issue in this appeal relates to the trial court's action in dismissing a Motion for Modification of Sentence, we shall not recite the facts of the underlying criminal charges, and focus only on the facts related to the Motion for Modification of Sentence.

On September 20, 2005, the Circuit Court for Baltimore City sentenced appellant to a term of incarceration of sixteen years, all but eighteen months suspended, five years' probation for one count of possession with intent to distribute cocaine. On September 15, 2008, appellant appeared for a violation of probation of the 2005 conviction after a subsequent conviction in which the court imposed a term of incarceration of ten years. Following this probation violation hearing, the court revoked appellant's probation and executed the suspended fourteen years and six months from the 2005 sentence, to run concurrent with the 2008 ten-year sentence.

On August 31, 2012, appellant filed a Petition for Postconviction Relief followed by a November 30, 2012, Supplemental Petition for Postconviction Relief stemming from the 2008 sentencing proceeding for the probation violation. Recognizing that these petitions were untimely filed, and claiming ineffective assistance of counsel, appellant requested leave to file a Motion for Modification of Sentence beyond the ninety-day deadline set out in Maryland Rule 4-345(e)(1). The Rule, in pertinent part, reads as follows:

> "RULE 4-345. SENTENCING—REVISORY POWER OF COURT
> **(e) Modification Upon Motion.**
> (1) Generally. *Upon a motion filed within 90 days after imposition of a sentence* (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it *may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant* and it may not increase the sentence."

Appellant established that in 2008, he had requested that his trial counsel from the resentencing hearing file a Motion for Modification of Sentence within the ninety-day deadline. His counsel failed to file that would-have-been-timely Motion for Modification of Sentence and, at the postconviction proceeding, counsel provided an affidavit admitting to that error.

On February 20, 2013, the circuit court held a hearing on the petitions. On March 20, 2013, the court granted appellant the right to file a belated Motion for Modification of Sentence within ninety days of the order.[1] The court stated as follows:

> "Petitioner alleges that trial counsel was ineffective for failing to file a motion for modification of sentence. An attorney appointed to represent a client from the Office of the Public Defender is obliged to provide representation for a motion for modification of sentence. *See* Md. Rule 4-214(b). Counsel's failure to adhere to a client's request to file a motion for modification of sentence, when statutory provisions and rules expressly extend representation to such a motion, is grounds for the post conviction remedy of permission to file a belated motion for modification of sentence. *State v. Flansburg*, 345 Md. 694, 705 (1997)."

On May 24, 2013, appellant, with the assistance of counsel, filed a belated Motion for Modification or Reduction of Sentence. On May 30, 2013, appellant, without the assistance of counsel, filed a belated Motion for Modification or Reduction of Sentence requesting that the court hold the motion *sub curia*. On January 6, 2014, the court set February 12, 2014, as the date for the Motion for Modification of Sentence hearing. On January 30, 2014, appellant filed a Motion to Postpone Hearing on the sentence modification motion. On January 31, 2014, the court granted appellant's Motion to Postpone Hearing and ordered the Motion for Modification of Sentence to be held *sub curia*. On July 24, 2014, appellant filed a Line requesting a hearing on the Motion for Modification.

---

[1] The only timeline stipulated was that "Petitioner may file a belated Motion for Modification of Sentence within ninety (90) days of the date of this order."

3

On December 16, 2015, the court issued an "order to show cause" why the court should not dismiss the Motion for Modification of Sentence because "the expiration of the five years from the date the sentence was originally imposed" had passed. Rule 4-345(e)(1) states that "the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant." The five-year revisory window in the instant matter would have expired Monday, September 16, 2013, which was five years from the September 15, 2008, execution of the sentence imposition following appellant's probation violation.

On January 10, 2017, the court held a hearing on the Show Cause Order. On August 8, 2017, the court dismissed the Motion for Modification, stating as follows:

> "**FOUND** that *the date the sentence originally was imposed on the defendant* is September 15, 2008. *Five years from the date the sentence originally was imposed on the defendant* is September 15, 2013; and it is further
> **FOUND** Defendant filed for post-conviction relief within *five years from the date the sentence originally was imposed on the defendant*. Defendant was granted relief and authorized to file a belated motion for modification within *five years from the date the sentence originally was imposed on the defendant*. Defendant filed a [belated] Motion for Modification or Reduction of Sentence within *five years from the date the sentence originally was imposed on the defendant*. Defendant failed to request that the Court rule on the [belated] Motion for Modification until almost a year after *five years from the date the sentence originally was imposed on the defendant*; and it is further
> **FOUND** that neither counsel nor the Court could find any authority on point for the issue presented when post-conviction relief grants the petitioner the right to file a belated motion for modification of sentence outside of the five-year statutory limit for sentence modifications. It would seem that in cases where post-conviction relief is requested after *five years from the date the sentence originally was imposed on the defendant*, the

4

relief requested being authorization to file a belated motion for modification of sentence, and such relief appropriate, to deny such relief based upon the Rule 4-345(a)(e)(1) limitation, would render the Post Conviction Procedure Act, MD. CODE ANN CRIM. PRO. § 7-101, *et. seq.* futile. It is well settled that 'an otherwise unresolvable ambiguity in a criminal statute that allows for two possible interpretations of the statute . . . [the court] will opt for the construction that favors the defendant.' *Oglesby v. State*, 441 Md. 673, 681 (2015). However, that is not the case in the instant matter. Here, Defendant filed for post-conviction relief within the five years from the imposition of a sentence and was granted relief by being authorized to file a belated motion for modification. Defendant filed a belated motion for modification within the five years **but did not ask for a hearing before the five year deadline expired**. Defendant requested a hearing via a Line, filed July 24, 2014, which was well after the September 15, 2013, expiration date. Defendant's inability to receive a sentence modification is through no fault or error of the Court, nor ineffective assistance of counsel; it is a result of Defendant failing to avail himself of the opportunity to request such relief within the statutory time limit;"

The Uniform Postconviction Procedure Act, Md. Code, Criminal Procedure Article, Title 7,[2] reads in pertinent part as follows:

"**§ 7-101. Application of title.** This title applies to a person convicted in any court in the State who is: (1) confined under sentence of imprisonment; or (2) on parole or probation.

**§ 7-102. Right of convicted person to begin proceeding.**
*Claims required in order to begin proceeding*
(a) Subject to subsection (b) of this section, §§ 7-103 and 7-104 of this subtitle and Subtitle 2 of this title, a convicted person may begin a proceeding under this title in the circuit court for the county in which the conviction took place at any time if the person claims that:

---

[2] All subsequent statutory references herein shall refer to Md. Code, Criminal Procedure Article.

(1) the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of the State;

(2) the court lacked jurisdiction to impose the sentence;

(3) the sentence exceeds the maximum allowed by law; or

(4) the sentence is otherwise subject to collateral attack on a ground of alleged error that would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy.

*Seeking to set aside or correct judgment or sentence and error not finally litigated or waived*
(b) A person may begin a proceeding under this title if:

(1) the person seeks to set aside or correct the judgment or sentence; and

(2) the alleged error has not been previously and finally litigated or waived in the proceeding resulting in the conviction or in any other proceeding that the person has taken to secure relief from the person's conviction.

### § 7-103. Filing of petitions
*One petition for each trial or sentence*
(a) For each trial or sentence, a person may file only one petition for relief under this title.

*Time of filing petition*
(b) Unless extraordinary cause is shown, a petition under this subtitle may not be filed more than 10 years after the sentence was imposed."

The Court denied the Motion for Modification or Reduction of Sentence. This timely appeal followed.

## II.

Before this Court, appellant argues that when a belated Motion for Modification of Sentence is timely filed, Rule 4-345 cannot divest the court of its authority to modify the

6

sentence even if a modification hearing is not held within five years of the original sentencing date. Specifically, appellant contends that a proper belatedly-filed motion for modification of sentence renews the five-year limitation for ruling on the motion. Appellant points out that a conflict exists between the five-year limitation for reconsideration in Rule 4-345 and § 7-103(b), which allows certain postconviction proceedings to be filed within ten years after the sentence was imposed or longer if "extraordinary cause is shown."

The State argues that the trial court determined correctly that it did not have authority under Rule 4-345(e) to modify appellant's sentence more than five years after the original sentence. Specifically, the State argues that appellant was made whole by the postconviction court's grant of relief; that he was granted the right to file a belated motion for postconviction relief and he did so, with four months remaining under Rule 4-345(e) for the court's consideration of the motion.

## III.

We address the State's argument that the trial court did not have jurisdictional authority to modify appellant's sentence more than five years after imposition of the original sentence. It appears that the trial court dismissed the motion because, although the court granted appellant the right to file a belated motion to reconsider sentence and he filed the motion within the Rule's five-year period, the court determined that it lacked the power, or jurisdiction, to entertain the motion outside of the five years.

We hold that the trial court retained fundamental jurisdiction to rule on the belated Motion for Modification of Sentence. At common law, Maryland trial courts possessed the inherent authority to modify judgments in both criminal and civil cases. *Chertkov v. State*, 335 Md. 161, 170 (1994). The inherent power of the court can be described as follows:

> "In order to accomplish the purposes for which they are created, courts must also possess powers. From time immemorial, certain powers have been conceded to courts because they are courts. Such powers have been conceded because without them they could neither maintain their dignity, transact their business, nor accomplish the purposes of their existence. These powers are called inherent powers . . . 'The inherent power of the court is the power to protect itself; the power to administer justice . . .; the power to promulgate rules for its practice; and the power to provide process where none exists. It is true that the judicial power of this court was created by the Constitution, but upon coming into being under the Constitution, this court came into being with inherent powers.'"

*State v. Jones*, 451 Md. 680, 691–92 (2017) (quoting *State v. Cannon*, 221 N.W. 603, 603–04 (Wis. 1928)). The common law authority to modify a judgment existed only during the term of court at which the judgment was entered. *State v. Butler*, 72 Md. 98, 100–01 (1890). This common law principle was changed by Rule 744c, which empowered a trial court to modify a sentence within ninety days of either the imposition of that sentence, or the receipt of a mandate issued by the Court of Appeals or the Court of Special Appeals. *Edwardsen v. State*, 220 Md. 82, 88 (1959). As amended, the successor to that original rule is current Rule 4-345(b). *Greco v. State*, 347 Md. 423, 427–28 (1997).

Exercising the court's inherent authority is not a path to circumnavigate procedural rules regarding sentence modification. Rather, it is a means to orderly administer those rules. In the present case, appellant's right to have effective assistance of counsel "extended beyond the revocation hearing and encompassed, at the least, that period after the hearing during which the court maintained revisory power over the case and could have entertained a motion for modification" under Rule 4-345. *State v. Flansburg*, 345 Md. 694, 697 (1997).

The Uniform Postconviction Procedure Act, § 7-103(b), allows a convicted person to begin a proceeding claiming ineffective assistance of counsel. If the claim is based upon counsel's failure to file a timely requested motion to reconsider sentence, the petition may effect the modification of the sentence. Section 7-103(b) provides for a 10-year filing period. Rule 4-345 allows only five years after sentencing for sentence modification. The current situation presents a potential conflict between enactments of the judicial and legislative branches. Thus, it appears, at least facially, that the statute adopted by the Legislature and the rule promulgated by the Court of Appeals are inconsistent. If they were actually inconsistent, we would apply the later adopted. Md. Const., Art. IV, §18(a); 66 Op. Md. A.G. 80 (1981). If possible, however, we prefer to harmonize rather than find inconsistency. *See Savage Manufacturing Co. v. Magne*, 154 Md. 46, 54 (1927). Here, by properly interpreting the law and the rule, the facial inconsistency disappears and we find that, in the circumstances of this case, we can apply both together.

In construing a statute, our primary goal is to ascertain and effectuate the intent of the Legislature. *Maryland-Nat'l Capital Park & Planning Comm'n v. Anderson*, 395 Md. 172, 182 (2006). We have often stated that "our primary goal is always to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by a particular provision, be it statutory, constitutional or part of the Rules." *Evans v. State*, 420 Md. 391, 400 (2011). We look first to the plain language of the statute, *Phillips v. State*, 451 Md. 180, 196 (2017), viewed in the "context of the statutory scheme to which it belongs." *Brown v. State*, 454 Md. 546, 551 (2017). We presume, moreover, that the General Assembly "intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope." *State v. Bey*, 452 Md. 255, 266 (2017). We do that "by first looking to the normal, plain meaning of the language of the statute, reading the statute as a whole to ensure that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless or nugatory." *Evans*, 420 Md. at 400. When a statute's language is "clear and unambiguous, we need not look beyond the statute's provisions and our analysis ends." *Phillips*, 451 Md. at 197. Yet, it is also "settled that the purpose of the plain meaning rule is to ascertain and carry out the real legislative intent." *Allen v. State*, 402 Md. 59, 73 (2007).

To assist us in interpreting Rule 4-345, we look to its federal counterpart, Federal Rules of Criminal Procedure, Rule 35, which permits a trial court a reasonable time beyond the prescribed period in which to consider a timely filed motion to modify sentence. There are any number of reasons it may be impossible or impractical for a judge to act promptly

10

upon a motion for reduction of sentence filed with the court before expiration of the five-year period, including a belated motion for modification being granted toward the end of the original period of review. In *United States v. Stollings*, 516 F.2d 1287 (4th Cir. 1975), the United States Court of Appeals for the Fourth Circuit explained appellant's dilemma as follows:

> "In such instances, the time required for the court's consideration and action upon the motion is wholly beyond the control of the convicted defendant. He has no means of predicting with any assurance whether the court's need of time to reconsider and act upon his motion will be for one week, two weeks, four weeks, or two months, and if delay flows from the incapacity, the absence or the preoccupation of the judge, its consequences should not be visited upon the prisoner."

*Id.* at 1288–89.

In the case before us, a strong factor is that appellant timely filed a belated motion for modification, but the lower court did not set an initial hearing date on the motion until after the expiration of five years from the imposition of the original sentence. In a perfect world, a court should set the hearing within the five-year period, but we know courts are busy, and if a court fails to do so, the consequence should not be held against the defendant. On the other hand, the defendant and counsel have an obligation once the motion is filed within the five-year period, to make best efforts to ensure the hearing is heard in a timely manner. All we are saying is that the court has jurisdiction over the motion, but it is within the discretion of the trial court to consider the totality of the circumstances and determine whether to hear the motion on its merits.

The conflict in the five-year rule for hearing the matter in regard to Rule 4-345 does not remove the court's power to entertain the motion. The fundamental jurisdiction of a court is "the power residing in such court to determine judicially a given action, controversy, or question presented to it for decision." *Fooks' Executors v. Ghingher*, 172 Md. 612, 621 (1937). "'Fundamental jurisdiction,' as we now use that term, is the power to act with regard to a subject matter which 'is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred.'" *Pulley v. State*, 287 Md. 406, 416 (1980) (quoting *Cooper v. Reynolds*, 77 U.S. 308, 316 (1870)).

The circuit court concluded that the five-year limitation in Rule 4-345 was a jurisdictional limitation that removed the matter from the court's power to hear the motion and to consider the reasons for the delay outside of the five years of review. Because the court had fundamental jurisdiction and discretion, which it did not exercise, we remand this case to that court to consider whether to entertain the Motion for Modification of Sentence and to consider the merits of the motion.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**