*Ebony Janae Parks v. State of Maryland*, No. 1096, September Term, 2022. Opinion by Ripken, J.

**CRIMINAL LAW – IDENTITY FRAUD – VALUE IS AN ELEMENT**

Value is an element of the identity fraud offenses proscribed by Maryland Code, Criminal Law Article ("CR"), section 8-301. The maximum penalty to which a defendant may be exposed for a violation of CR section 8-301(b) depends, according to CR section 8-301(g), upon proof of the value of the "benefit, credit, good, service, or other thing . . . that is the subject of subsection (b)[.]" CR section 8-301 is not meaningfully distinguishable from the consolidated theft statute, CR section 7-104. The Supreme Court of Maryland has held that value is an element of the offenses proscribed by the latter statute. Accordingly, the value of the "benefit, credit, good, service, or other thing . . . that is the subject of subsection (b)" is an element of the offenses proscribed by CR section 8-301.

**CRIMINAL LAW – IDENTITY FRAUD – SUFFICIENCY OF CHARGING DOCUMENT**

The caption, which alleged the value at issue, became a necessary part of the charging document because it served to clarify an otherwise insufficiently described charge.

REPORTED

IN THE APPELLATE COURT

OF MARYLAND*

No. 1096

September Term, 2022

_____

EBONY JANAE PARKS

v.

STATE OF MARYLAND

_____

Reed,
Ripken,
Salmon, James P.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Ripken, J.

_____

Filed: September 5, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

*At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals of Maryland to the Appellate Court of Maryland. The name change took effect on December 14, 2022.

A jury sitting in the Circuit Court for Wicomico County found Appellant, Ebony Janae Parks ("Parks"), guilty of fraudulently obtaining identification information of another where the value of the benefit sought is at least $1,500 but less than $25,000, but it acquitted her of fraudulently assuming the identity of another where the value of the benefit sought is at least $1,500 but less than $25,000. The court sentenced Parks to five years' incarceration. Parks noted a timely appeal of her conviction.

On appeal, Parks argues that the court erred when it denied her motion to treat the charging document as having charged a misdemeanor rather than the felony version of identity fraud.[1] For the reasons to follow, we shall affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Because the issue in this appeal is purely a procedural one, we dispense with a detailed recitation of the underlying crime. *See*, *e.g.*, *Teixeira v. State*, 213 Md. App. 664, 666 (2013) (observing that it was "unnecessary to recite the underlying facts in any but a summary fashion because for the most part they otherwise do not bear on the issues we are asked to consider") (internal quotation marks and citation omitted). It is sufficient to note that Parks, while employed as a management trainee at a McDonald's restaurant in Berlin, Maryland, obtained the social security number of her trainer, S.B.,[2] and used S.B.'s social security number to fraudulently represent that S.B. had agreed to co-sign on Parks' loan to

---

[1] Rephrased from: Where the State failed to allege a value in the narrative portion of the charging document, was appellant improperly convicted and sentenced pursuant to the felony level of identity fraud when she should have been convicted and sentenced pursuant to the misdemeanor level of the crime?

[2] We refer to the victim, an adult, by her initials in order to protect her identity.

purchase a vehicle from Pohanka Volkswagen, a car dealership in Salisbury.[3] We note it does not matter that Parks failed in her ultimate goal of obtaining the vehicle loan. Indeed, Parks does not contend otherwise.

A Statement of Charges[4] was filed in the District Court of Maryland for Wicomico County, alleging as follows:



**STATEMENT OF CHARGES**

UPON THE FACTS CONTAINED IN THE APPLICATION OF Officer: BOWDEN, H DET IT IS FORMALLY CHARGED THAT PARKS, EBONY JANAE at the dates, times and locations specified below:

| NUM | CHG/CIT | STATUTE | PENALTY | DESCRIPTION OF THE CHARGE |
|---|---|---|---|---|
| 001 | 1 1361 | CR 8 301 ((b)) | 5 Y &/or $10,000.00 | FRAUD ID INFO THFT $1500-<25K<br>On or About 08/24/2021<br>POHANKA VOLKWAGON; 1922 N SALISBURY BLVD<br>SALISBURY WICOMICO COUNTY MD<br>...did knowingly, willfully, and with fraudulent intent obtain personal identifying information of ▮▮▮▮▮, without the consent of said ▮▮▮ for the purpose of using that information to obtain goods .<br>Against the Peace, Government, and Dignity of the State. |
| 002 | 1 1368 | CR 8 301 ((c)(2)(i)(ii)) | 5 Y &/or $10,000.00 | FRAUD ID INFO THFT $1500-<$25K<br>On or About 08/24/2021<br>POHANKA VOLKWAGON; 1922 N SALISBURY BLVD<br>SALISBURY WICOMICO COUNTY MD<br>... did knowingly and willfully assume the identity of another to wit: ▮▮▮ ▮▮▮ with fraudulent intent to obtain goods , to wit: A VEHICLE LOAN.<br>Against the Peace, Government, and Dignity of the State. |

Upon Parks' prayer for a jury trial, the matter was transferred to the Circuit Court for Wicomico County. *See* Md. Code, Courts and Judicial Proceedings Article, § 4-302(e)(1). A jury trial was subsequently held.

Immediately prior to trial in the circuit court, Parks raised the issue of whether the

---

[3] Although Berlin is in Worcester County, Salisbury is in Wicomico County, and thus venue was not at issue in this case. *See* Md. Code, Criminal Law Article ("CR"), § 8-301(p)(1), (2) (providing that, "[n]otwithstanding any other provision of law," venue is proper "in any county in which . . . an element of the crime occurred" or "the victim resides.")

[4] The victim's name is redacted from the Statement of Charges to protect her identity.

charging document charged a felony or a misdemeanor:[5]

> [DEFENSE COUNSEL]: Well, I think the paramount issue to discuss pretrial is the maximum penalty that's listed on the charging document.
>
> As I explained [in chambers], the controlling factor here is the body of the charging document, not the citation, not the caption. And the body of the charging document charges only the elements of the misdemeanor. It leaves out the essential element that makes it the felony.
>
> The misdemeanor, which is what is charged has a maximum penalty of a year in jail and a fine of up to $500. So I would ask the Court to, essentially, read the maximum – read the maximum penalty as a year in jail and a fine of up to $500 on each count.
>
> There is – I did [provide] the clerk and the State with case law indicating that . . . there's a long-standing history that it's the body of the charging document that controls the caption or the title or – those could all say kind of whatever, frankly.
>
> They could title the charge as anything. It has no bearing on the body of the actual charge. That's what controls, the body charges only the misdemeanor. That's the reason for our motion or request.

The State countered that "the charges before you today are charged in accordance with the Maryland Commissioner's Manual" and that "[t]here is no requirement in that manual for any sort of evaluation in the body of the charge." The court denied Parks' motion. The State then moved to amend the two counts of the charging document to insert the correct name of the victim and to change the date of the alleged offenses from "on or about August the 24th of 2021" to "on or about August the 21st of 2021." There being no opposition, the court granted the State's motion to so amend.

---

[5] Although Parks claimed that the charging document was "defective" in her motion pursuant to Rule 4-252, she withdrew that motion five months before trial. *See* Md. Rule 4-252 (governing the filing of mandatory motions in criminal cases).

The State called three witnesses: S.B., the victim; a salesman at Pohanka Volkswagen, who testified regarding Parks' credit application; as well as Detective Bowden of the Wicomico County Sheriff's Office, the lead investigator in the case. The defense also called Detective Bowden and elicited testimony that, when he spoke with S.B., she told him that, initially, she had agreed to allow Parks to use her as a co-signer but that she "did not give [Parks] permission to use her personal information on the credit application[.]"[6] Parks exercised her constitutional right not to testify.

During the ensuing bench conference at which the parties discussed proposed jury instructions, the defense proposed supplementing the pattern jury instructions for the offenses by including value as an element. The State insisted that value is not an element of the offenses charged, but the court, after noting the statutory text, instructed the jury that it was:

> Count 1 is fraudulently obtaining identification information based on the dollar amount from $1500 up to $25,000.
>
> * * *
>
> In order to convict [Parks], the State must prove that she knowingly and willfully obtained the personal identifying information of someone, and in that case, that someone else is [S.B.]. And that she did so without the consent of [S.B.]. And that she did so in order to fraudulently obtain something of value in the name of [S.B.] or using [S.B.'s] name, and that the value of what she intended to obtain was more than $1500 but less than $25,000.

(Emphasis added.) In other words, the court gave the pattern jury instruction (the text not

---

[6] The State examined Detective Bowden only briefly. Because the defense would have also called him as a witness, the court permitted defense counsel to examine Detective Bowden out of order, immediately after his direct testimony in the State's case.

underlined)[7] and supplemented it by including value as an element.

## DISCUSSION

### A. Parties' Contentions

Parks contends that Count 1 of the charging document effectively charged only misdemeanor identity fraud and that her conviction for felony identity fraud was illegal. Parks begins with the premise that value is an element of felony identity fraud, just as the Supreme Court of Maryland (at the time named the Court of Appeals of Maryland)[8] has held in the case of theft. Then, relying primarily on *Busch v. State*, 289 Md. 669 (1981), *Ayre v. State*, 291 Md. 155 (1981), and *Thompson v. State*, 371 Md. 473 (2002), Parks asserts that, because value is an essential element of the offense, but was not included in the body of Count 1, she was, in effect, charged only with a misdemeanor, despite the reference to value in the caption of the charge.

Therefore, according to Parks, no objection on this basis was required below,[9] and

---

[7] *See* Maryland Criminal Pattern Jury Instruction ("MPJI") 4:18.1, Identity Fraud (Obtaining Personal Identifying Information Without Consent). The court similarly supplemented MPJI-Cr 4:18.3 (Identity Fraud (Assuming Identity of Another)), the instruction on the charge on which the jury acquitted Parks, by including value as an element.

[8] At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

[9] Although Parks objected to the sufficiency of the charging document on the morning of trial, she did not raise a timely non-jurisdictional challenge to the indictment under Maryland Rule 4-252(a). The only timely reference to the sufficiency of the charging document was boilerplate in Parks' Rule 4-252 motion, but as noted previously, that motion was withdrawn five months before trial.

her case should be treated as an illegal sentence based upon an illegal conviction, similar to *Johnson v. State*, 427 Md. 356 (2012). Accordingly, Parks asks that we vacate her conviction for felony identity fraud and remand with instructions to the trial court to enter a conviction for misdemeanor identity fraud and to resentence on that lesser-included offense.

The State counters that "it is questionable whether the amount at issue was an essential element of the offense that must be included in the body of the charging documents." Although the State acknowledges a "similarity" between identity fraud and theft, the State points out that the Maryland State Criminal Charge Code treats them differently;[10] whereas theft offenses include value in both the caption and the body of the model charging documents, identity fraud offenses include value only in the caption.[11] But regardless of the answer to this question, the State contends that the charging document in this case provided constitutionally adequate notice to Parks that she faced a charge of felony identity fraud. According to the State, "there was no inconsistency here between

---

[10] As previously noted, the Maryland Criminal Pattern Jury Instructions likewise do not treat value as an element of identity fraud. *See supra* note 6.

[11] *See* Maryland State Criminal Charge Code, at 193–94 (theft offenses), 246–47 (identity fraud offenses), available at https://mdcourts.gov/sites/default/files/import/district/ charging language.pdf (updated 07/01/2023).

The Maryland State Criminal Charge Code is maintained by the District Court of Maryland and is updated yearly "to reflect the new laws that were passed by the legislature." *See* Charging Language Database, available at https://mdcourts.gov/district/chargedb (last visited Aug. 8, 2023). The Charge Code comprises "current CJIS [Criminal Justice Information Services compliant] charges used by the Maryland Judiciary." *Id*. The Charge Code is, in essence, a library of charging templates used in Statements of Charges in the District Court.

6

what crime the State listed [in the charging document], what was described in the affidavit along with the statement of charges, and what the State ultimately proved at trial." The State asserts that, were we to adopt Parks' view, we would have to ignore in its entirety the caption of the charging document and disregard that Parks was clearly informed of the charge against her. Additionally, the State contends that even if there was a deficiency in the charging document, the caption of the charge could serve to clarify any ambiguity.

**B. Analysis**

*1. Value is an element of identity fraud.*

We begin our analysis by determining whether value is an element of the identity fraud offenses proscribed by Maryland Code, Criminal Law Article ("CR"), section 8-301. This task requires us to interpret a statute. The principles of statutory interpretation are well-established. *See, e.g.*, *Condon v. State of Md. – Univ. of Md.*, 332 Md. 481, 491 (1993) (reviewing the "well-established principles" of statutory construction). The "cardinal rule" of statutory interpretation is "to ascertain and effectuate the intent of the General Assembly." *Bellard v. State*, 452 Md. 467, 481 (2017) (quoting *Wagner v. State*, 445 Md. 404, 417 (2015)). We look first to the plain text of the statute because that is the primary source of legislative intent. *Id.* If that text is unambiguous, our task ordinarily is at an end, and we apply the statute according to its plain language. *Id.*

The statute at issue in this case provides in relevant part:

(b) A person may not knowingly, willfully, and with fraudulent intent possess, obtain, or help another to possess or obtain any personal identifying information of an individual, without the consent of the individual, in order to use, sell, or transfer the information to get a benefit, credit, good, service, or other thing of value or to access health information or health care.

7

\* \* \*

(g)(1)(i) A person who violates this section where the benefit, credit, good, service, health information or health care, or other thing of value that is the subject of subsection (b), (c), or (d) of this section has a value of at least $1,500 but less than $25,000 is guilty of a felony and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $10,000 or both.

(ii) A person who violates this section where the benefit, credit, good, service, or other thing of value that is the subject of subsection (b), (c), or (d) of this section has a value of at least $25,000 but less than $100,000 is guilty of a felony and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $15,000 or both.

(iii) A person who violates this section where the benefit, credit, good, service, or other thing of value that is the subject of subsection (b), (c), or (d) of this section has a value of $100,000 or more is guilty of a felony and on conviction is subject to imprisonment not exceeding 20 years or a fine not exceeding $25,000 or both.

(2) A person who violates this section where the benefit, credit, good, service, health information or health care, or other thing of value that is the subject of subsection (b), (c), or (d) of this section has a value of at least $100 but less than $1,500 is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 1 year or a fine not exceeding $500 or both.

CR § 8-301.

"[T]he fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives—whether the statute calls them elements of the offense, sentencing factors, or [other facts essential to the charge, no matter how labeled]—must be found by the jury beyond a reasonable doubt." *Ring v. Arizona*, 536 U.S. 584, 610 (2002) (Scalia, J., concurring); *see Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000) (equating "every fact necessary to

constitute the crime with which [the defendant] is charged" with the elements of the offense) (internal quotation marks and citations omitted); *Gaudin v. United States*, 515 U.S. 506, 510 (1995) (declaring that the U.S. Constitution requires that "criminal convictions . . . rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt").

The maximum penalty to which a defendant may be exposed for a violation of CR section 8-301(b) depends, according to CR section 8-301(g), upon proof of the value of the "benefit, credit, good, service, or other thing . . . that is the subject of subsection (b)[.]"[12] In this respect, CR section 8-301 is not meaningfully distinguishable from the consolidated theft statute, CR section 7-104,[13] and the Supreme Court of Maryland has

---

[12] Subsection (g) provides the penalties applicable to the various crimes defined in other subsections of section 8-301. At issue here is a violation of 8-301(b), which prohibits "knowingly, willfully, and with fraudulent intent possess[ing], obtain[ing], or help[ing] another to possess or obtain any personal identifying information of an individual, without the consent of the individual, in order to use, sell, or transfer the information to get a benefit, credit, good, service, or other thing of value or to access health information or health care."

[13] The theft statute reads in pertinent part:
> (a) A person may not willfully or knowingly obtain or exert unauthorized control over property, if the person:
>
> (1) intends to deprive the owner of the property;
>
> (2) willfully or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
>
> (3) uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property.

* * *

(continued)

9

(g)(1) A person convicted of theft of property or services with a value of:

(i) at least $1,000 but less than $10,000 is guilty of a felony and:

1. is subject to imprisonment not exceeding 10 years or a fine not exceeding $10,000 or both; and

2. shall restore the property taken to the owner or pay the owner the value of the property or services;

(ii) at least $10,000 but less than $100,000 is guilty of a felony and:

1. is subject to imprisonment not exceeding 15 years or a fine not exceeding $15,000 or both; and

2. shall restore the property taken to the owner or pay the owner the value of the property or services; or

(iii) $100,000 or more is guilty of a felony and:
1. is subject to imprisonment not exceeding 25 years or a fine not exceeding $25,000 or both; and

2. shall restore the property taken to the owner or pay the owner the value of the property or services.

(2) Except as provided in paragraphs (3) and (4) of this subsection, a person convicted of theft of property or services with a value of less than $1,000, is guilty of a misdemeanor and:

(i) is subject to imprisonment not exceeding 18 months or a fine not exceeding $500 or both; and

(ii) shall restore the property taken to the owner or pay the owner the value of the property or services.

(3) A person convicted of theft of property or services with a value of less than $100 is guilty of a misdemeanor and:

(i) is subject to imprisonment not exceeding 90 days or a fine not exceeding $500 or both; and

(continued)

held that value is an element of the offenses proscribed by the latter statute. *See Counts v. State*, 444 Md. 52, 60 (2015) (declaring that, "insofar as it concerns felony theft, the amount of value of the stolen property is an element of the offense"); *id.* at 64 (holding that, "if the State seeks to have the defendant convicted of one or another specific grade of felony theft, the State must allege and prove that the value of the property stolen is an amount at or more than the threshold value for that grade of felony charged"). Accordingly, we have no difficulty stating that the value of the "benefit, credit, good, service, or other thing . . . that is the subject of subsection (b)" is an element of the offenses proscribed by CR section 8-301.

There is, however, an important difference between the identity fraud statute and the consolidated theft statute. Whereas the theft statute specifies a penalty for theft of goods or services with a value less than $100 (or, for certain repeat offenders, less than $1,500), CR section 7-104(g)(3) and (4), the identity fraud statute imposes no penalty on a defendant who has violated CR section 8-301(b), (c), or (d), but where the amount at issue is less than $100. CR § 8-301(g)(1) and (2). We shall consider the effect of this statutory

---

(ii) shall restore the property taken to the owner or pay the owner the value of the property or services.

Subsection (4) concerns the enhanced penalties that may be imposed on a person who previously has been convicted under this statute and is presently convicted of misdemeanor theft.

11

quirk in the next section of our analysis.[14]

        2. *The charging document in this case adequately charged felony identity fraud.*

We turn next to whether the charging document in this case adequately charged a felony violation of CR section 8-301. Article 21 of the Maryland Declaration of Rights guarantees an accused "a right to be informed of the accusation against him" and "to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence[.]" In furtherance of that constitutional right, the Supreme Court of Maryland has declared that the purposes of a charging document are:

> (i) to put the accused on notice of what he is called upon to defend by characterizing and describing the crime and conduct; (ii) to protect the accused from a future prosecution for the same offense; (iii) to enable the defendant to prepare for his trial; (iv) to provide a basis for the court to consider the legal sufficiency of the charging document; and (v) to inform the court of the specific crime charged so that, if required, sentence may be pronounced in accordance with the right of the case.

*Counts*, 444 Md. at 57–58 (quoting *Ayre*, 291 Md. at 163). The Court has further declared, "in order to place an accused on adequate notice, two different types of information ought to be provided by the charging document." *Ayre*, 291 Md. at 163. "First, it is essential that

---

[14] This is not the first time a statute has purported to criminalize conduct but provided no penalty. *See Evans v. State*, 420 Md. 391, 399 (2011) (noting that where "the legislature forbids conduct and then omits (in most cases unintentionally) to provide for a penalty," and "there is no catch-all [penalty] statute[,] . . . one who engages in the forbidden conduct is not guilty of a crime") (quoting WAYNE R. LAFAVE, CRIMINAL LAW § 1.2(d), at 13 (5th ed. 2010)). In *Evans*, the Supreme Court of Maryland concluded that Maryland Code (2003), Public Safety Article ("PS"), section 5-142(a), which purported to criminalize obliterating, removing, changing, or altering the serial number on a firearm but lacked an associated penalty provision, did not define a crime. *Evans*, 420 Md. at 414. While *Evans* was still pending in the Supreme Court, the General Assembly enacted 2011 House Bill 519, which added a penalty provision, effective October 1 of that year, for a violation of PS section 5-142(a). 2011 Md. Laws, ch. 343.

it characterize the crime, and second, it should furnish the defendant such a description of the particular act alleged to have been committed as to inform him of the specific conduct with which he is charged." *Id.* In other words, "adequate notice is given when a charging document contains both a characterization of the crime and the particular act alleged to have been committed." *Thompson v. State*, 371 Md. 473, 485 (2002).

Parks' claim is, in essence, an assertion that the charging document in this case failed to characterize the crime of felony identity fraud. In support, she relies primarily on three decisions of the Supreme Court of Maryland, which we now examine: *Busch v. State*, 289 Md. 669 (1981), *Ayre v. State*, 291 Md. 155 (1981), and *Thompson v. State*, 371 Md. 473 (2002).

In *Busch*, the defendant was charged in the District Court with the common law offense of "unlawfully resist[ing] and hinder[ing] a police officer in the lawful execution of his duties, knowing him to be a police officer[.]" 289 Md. at 671. After he was convicted of that offense, he appealed to the Circuit Court for Prince George's County. *Id.* At a trial *de novo*, after the jury was sworn, the State was permitted, over the objection of the defense, to amend the statement of charges to "unlawfully resist[ing] arrest by a police officer in the lawful execution of his duties, knowing him to be a police officer[.]" *Id.* Busch was "tried on the amended charge and found guilty of resisting arrest." *Id.* He petitioned for a writ of certiorari, which the Supreme Court granted. *Id.*

The then-extant Maryland Rules 710(d), 713(a), and 1314(b) provided that in a criminal appeal from the District Court to a circuit court that resulted in a trial *de novo*, the same charging document that was used in the District Court was to be used in the circuit

13

court. The rules further provided that any subsequent amendment to the charging document required the consent of the parties if it changed the character of the offense.[15] *Busch*, 289 Md. at 671–72. In explaining whether the amendment in that case changed the character of the offense charged, the Supreme Court of Maryland declared that:

> the basic description of the offense is indeed changed, not only when the amended charge requires proof of an act different from the act originally charged, *but also when the amended charge requires proof of acts additional to those necessary to prove the offense originally charged.* After an offense has been charged, another offense that requires proof of a different or additional act may not be substituted for the offense originally charged on the theory that such an amendment is simply a matter of form.

*Id.* at 673 (emphasis added).

The Court observed that "resisting arrest ordinarily requires resistance to a lawful arrest made by an officer of the law in the performance of his official duties," *id.* at 675, but that "resisting, hindering, or obstructing an officer in the performance of his duties" does not. *Id.* at 677. The Court reasoned as follows:

> The charging document in this case was captioned "Resisting Arrest." The body of the charging document, however, stated that the accused did "resist and hinder a police officer in the lawful execution of his duties." Because the body of the charging document contained no reference to an arrest, the body of the charging document charged the offense of resisting, hindering, or obstructing an officer in the performance of his duties.
>
> *This Court has recognized that the caption of an offense appearing in a charging document does not determine the character of the offense alleged to have been committed by the accused. Rather, the character of the offense is determined by the facts stated in the body of the charging document.* Under the circumstances here, before the charging document was amended, it charged the offense of resisting, hindering, or obstructing an officer.

---

[15] In that respect, the current rules are similar. *See* Md. Rules 4-204, 7-112(d)(1).

14

*Id.* at 678–79 (citation omitted) (footnote omitted) (emphasis added). The Court therefore concluded that the amendment to the charging document in that case "changed the character of the offense originally charged," without the defendant's consent, and it thus reversed the judgment and remanded for a new trial on the charging document as it existed prior to the amendment.[16] *Id.* at 679.

In *Ayre*, the defendant and the corporation for which he worked were convicted of distributing obscene matter. 291 Md. at 156. On certiorari, the Supreme Court of Maryland

---

[16] The Supreme Court was not asked, nor did it consider, whether obstructing and hindering a police officer in the performance of his duties is a lesser-included offense of resisting arrest. We note that obstructing and hindering has four elements:

> (1) a police officer engaged in the performance of a duty; (2) an act, or perhaps an omission, by the accused which obstructs or hinders the officer in the performance of that duty; (3) knowledge by the accused of facts comprising element (1); and (4) intent to obstruct or hinder the officer by the act or omission constituting element (2).

*Titus v. State*, 423 Md. 548, 552–53 (2011). Resisting arrest, on the other hand, has the following elements:

> (1) that a law enforcement officer arrested or attempted to arrest the defendant; (2) that the officer had probable cause to believe that the defendant had committed a crime, *i.e.*, that the arrest was lawful; and (3) that the defendant [intentionally] refused to submit to the arrest [and] resist[ed] the arrest by force.

*Rich v. State*, 205 Md. App. 227, 239–40, 250 (2012). Although a lawful arrest is not an element of obstructing and hindering, *Busch*, 289 Md. at 677, a comparison of the elements of the two offenses suggests that obstructing and hindering is a lesser-included offense of resisting arrest. We are not aware of any Maryland authority that has addressed that question, and it is unnecessary to our decision in this case. We merely point it out because, in our view, the State's assertion that, in *Busch*, the charge in the caption was "inconsistent" with the charge in the body of the charging document is misguided. To the contrary, the relationship between the two charges in *Busch* is analogous to the relation between the two charges here, misdemeanor and felony identity fraud (which are more obviously lesser-included and greater offenses).

15

held that the trial court had erred in denying the defendants' motion to dismiss the charges.

*Id.* at 169. The Court explained:

> Each of the appellants here was charged with "unlawfully (selling) a magazine entitled 'Swedish Erotica # 22' which was reviewed by Judge Ciotola and found to be obscene in violation of . . . section 418." As we view these charging documents, they are deficient, particularly in this case, in two respects: (i) they fail to allege directly that the magazine was obscene; and (ii) there is a failure to allege the "knowing" element of the crime purportedly charged.

*Id.* at 162.

The Court further explained that "the defects in these particular charging documents" were not "ameliorated by the citation of the statutory section, the violation of which the defendants were intended to be charged" (even though the statute expressly prohibited "knowingly" selling or offering to sell obscene matter)[17] and that "reference to the criminal enactment does not supply the missing elements and satisfy the requirements of our constitution." *Id.* at 167–68. In a footnote, the Court remarked that a statutory reference in a charging document "exists as a matter of convenience to the parties and the court, and thus possesses no substance of its own." *Id.* at 168 n.9.

In *Thompson*, the defendant was charged with possession of paraphernalia "in sufficient quantity to and under circumstances which reasonably indicate an intention to

---

[17] Maryland Code, Art. 27 section 418 (1957) (current version at CR section 11-202) provided:

> Any person who knowingly sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor.

16

use such items for the illegal distribution and dispensing of a controlled dangerous substance, . . . in violation of Article 27, section 287A of the Annotated Code of Maryland[.]" 371 Md. at 488. On the final day of trial, the State was permitted, over defense objection, to amend that count of the indictment by changing the statutory reference to a violation of Article 27, section 287(d)(2), which carried a greater maximum penalty than Section 287A.[18] *Id.* at 487–88. Thompson was convicted, and on appeal, we affirmed in an unreported opinion. *Id.* at 478. Thompson sought review in the Supreme Court of Maryland. *Thompson v. State*, 368 Md. 526 (2002).

The Supreme Court reversed on an unrelated issue but addressed the propriety of the amendment to the indictment "because of its potential double jeopardy implication regarding the affected count[.]" *Thompson*, 371 Md. at 487. It quoted its decision in *Ayre*, regarding the effect of a statutory reference in a charging document and noting that it "exists as a matter of convenience to the parties and the court, and thus possesses no substance of its own." *Thompson*, 371 Md. at 489 (quoting *Ayre*, 291 Md. at 168 n.9). The Court emphasized that the "'character of the offense' is determined by what is stated in the body of an indictment, not the statutory reference or caption." *Id.* (quoting *Busch*, 289 Md. at 678). After comparing the count at issue with the text of the two statutes, the Supreme Court concluded that the language in the indictment corresponded more closely with the

---

[18] Maryland Code (1957, 1996 Repl. Vol.), Article 27, section 287 is now codified at Maryland Code (2002, 2021 Repl. Vol.), CR section 5-620. Former Article 27, section 287A is now codified at CR section 5-619 except that former Article 27, section 287A(a) is now codified at CR section 5-101(p).

17

text of section 287(d)(2), and it therefore held that the amendment to the indictment was permissible. *Thompson*, 371 at 490–95.

In passing, the *Thompson* Court noted an exception to the general rule that a statutory reference has no substance of its own—where "an insufficiency in the language of a charge could give rise to a circumstance in which a statutory reference supplied a necessary element of the characterization of an offense charged." *Id.* at 492 (citing *Gray v. State*, 216 Md. 410, 416 (1958)).[19] Although the Court in *Thompson* determined that this exception did not apply in that case, *id.* at 493, in the instant case, as we next explain, that exception does apply.

As we noted previously, the identity fraud statute provides no penalty for a violation of CR section 8-301(b), (c), or (d), where the amount at issue is less than $100. CR section 8-301(g)(1) and (2). This means that, in this case, the body of the charging document, which alleged a violation of CR section 8-301(b) without specifying any value, did not, by itself, allege a crime. *See Evans*, 420 Md. at 414 (holding that, because the statute at issue "contain[ed] no penalty provision, and ha[d] no related penalty," the acts it prohibited were "not a crime"). In *Thompson*, the Supreme Court of Maryland characterized its holding in *Gray* as follows: "There, [the Court] found that a caption,

---

[19] *Gray* was overruled in part by *Thanos v. State*, 282 Md. 709, 715 (1978). On the ground we rely upon here, it remains binding authority. *See Thompson*, 371 Md. at 492–93 (approving *Gray*); *Thanos*, 282 Md. at 715 (declaring that, on its "actual facts," *Gray* "retains its precedential value"); *Shifflett v. State*, 229 Md. App. 645, 686 (2016) (observing that, since *Thanos* was decided, "both this Court and the [Supreme] Court . . . have confirmed that the charging document need not set forth all essential elements of the crime, and that some elements may be implied").

18

ordinarily amendable without altering the character of an offense, became a necessary part of the charging document because it served to clarify an otherwise insufficiently described charge." 371 Md. at 492–93. Here, too, the caption, which alleged the value at issue, "became a necessary part of the charging document because it served to clarify an otherwise insufficiently described charge," which (without reference to the caption) would not have alleged a crime. We therefore conclude that Parks was convicted and sentenced on a charging document that adequately alleged felony identity fraud.[20]

**JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED. COSTS ASSESSED TO APPELLANT.**

---

[20] We suggest consideration of a possible change to the Maryland State Criminal Charge Code.